**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2017[*]
Decided August 22, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1365

| | |
|---|---|
| ALLEN M. PERRES, *Petitioner*, | Petition for Review of an Order of the Securities and Exchange Commission. |
| *v.* | No. 3-17013 |
| SECURITIES AND EXCHANGE COMMISSION, *Respondent*. | |

## O R D E R

Allen Perres sold common stock in Southern Cross Resources Group to unaccredited individual investors in exchange for commissions. Perres knew these sales were unlawful since (1) the company's securities were unregistered and no exemption from registration was available, *see* 15 U.S.C. § 77e(a), (c), and (2) Perres himself was not registered as a broker or dealer, *see id.* § 78*o*(a). Nevertheless, Perres made sales to at least 10 investors and received over $125,000 in commissions. Together he and a colleague, Willard St. Germain, raised $2 million over 2 years.

---

[*] We have granted the parties' request to decide this case on the briefs, without oral argument. *See* FED. R. APP. P. 34(a), (f).

After the Securities and Exchange Commission began investigating allegations of fraud against Southern Cross, Perres and St. Germain entered into an administrative settlement acknowledging they had willfully violated the securities laws. They also agreed to cease their unlawful activity and disgorge part of their commissions. St. Germain further accepted a three-year bar from working in the securities industry or participating in penny-stock offerings. But Perres would not consent to a ban of that length and opted instead to have an administrative law judge determine what "additional non-financial remedial sanctions … are in the public interest," *see* 15 U.S.C. § 78*o*(b)(6). He also agreed not to challenge in the administrative proceeding the factual findings outlined above.

Perres asked the ALJ to impose no more than a 12-month industry bar, but the SEC's Division of Enforcement contended that a 5-year ban would best serve the public interest. In determining whether a sanction is in the public interest, the SEC weighs (1) the egregiousness of the violation, (2) whether it was isolated or recurrent, (3) the degree of scienter, (4) the respondent's sincerity in assuring against continued infractions, (5) the respondent's contrition, and (6) the likelihood of future violations. *See Steadman v. SEC*, 603 F.2d 1126, 1140 (5th Cir. 1979); *aff'd on other ground*, 450 U.S. 91 (1981). Applying these factors, the ALJ concluded that Perres should be barred from the securities industry and from participating in penny-stock offerings for five years. The Commission affirmed the ALJ's decision. It reasoned that Perres had admitted soliciting investors and accepting commissions knowing he could not lawfully do either—recurrent actions the Commission deemed egregious. The Commission also noted that Perres had refused to fully accept responsibility for his wrongful conduct by portraying himself as a victim of *Southern Cross's* violations and by insisting that he "had diminished personal responsibility" due to "his acute deteriorating financial situation." The Commission determined that the serious nature of the infractions in conjunction with Perres's disavowal of his own culpability "evidences an unfitness to participate in that industry in any capacity."

We will uphold an SEC order imposing sanctions unless we conclude that the agency abused its discretion. *See Birkelbach v. SEC*, 751 F.3d 472, 480 (7th Cir. 2014); *Monetta Fin. Servs., Inc. v. SEC*, 390 F.3d 952, 957 (7th Cir. 2004) (explaining that the "fashioning of an appropriate and reasonable remedy" is for the agency, not the court, and will not be overturned unless "unwarranted in law … or without justification in fact") (*quoting Steadman*, 603 F.2d at 1140). Perres has given us no reason to overturn the Commission's imposition of a five-year bar. Perres contends that the SEC applied the *Steadman* factors "slavishly in a static, rote fashion and without regard to a serious

consideration of the factual context," but in fact the decision is thorough and well-reasoned. The Commission considered the duration of Perres's conduct and his knowledge of its wrongfulness in determining that he should not participate in the industry for five years. It also recognized, but rejected, Perres's argument that his poor financial situation mitigated his conduct.

Perres takes issue with the Commission's assessment that he shirked responsibility for his actions—yet he continues to insist that "he was basically compelled to sell retail securities" by Southern Cross, that his violations were "isolated and negligent" at worst, and that he "had diminished personal responsibility … because of his unfavorable financial situation." Perres also minimizes his wrongful actions by portraying them as a "failure to resign and to take assertive action against the Company," even though his settlement with the agency established that he—personally—had willfully violated the law by selling unregistered securities. He also contends that his "actions did not come remotely close to the definition of 'egregious' behavior" because, he says, he provided "unwavering and steadfast cooperation" to the SEC. But Perres's only evidence of having cooperated is the fact that he did not *obstruct* once the agency launched its investigation.

Finally, Perres argues that the SEC subjected him to an "invidious classification," evidenced by the fact that St. Germain engaged in identical conduct but was suspended from the industry for "only" three years. This contention is meritless. Perres was offered the same option but rejected it, choosing instead to have his sanction determined in an adversarial proceeding. The SEC does not abuse its discretion by rewarding settlement through lesser sanctions than those imposed in a contested proceeding. *See Orkin v. SEC*, 31 F.3d 1056, 1067 (11th Cir. 1994). And an agency's employment of an authorized sanction is "not rendered invalid in a particular case because it is more severe than sanctions imposed in other cases." *Butz v. Glover Livestock Comm'n Co., Inc.*, 411 U.S. 182, 187 (1973).

The petition for review is DENIED.